In re Buel **PENNINGTON**, Debtor.

Michael L. **HOLLAND**, et al., Plaintiffs,

v.

Buel **PENNINGTON**, et al., Defendants.

Aldo and Bonnie **TERSIGNI**,
Third–Party Plaintiffs,

v.

Joseph P. **CONNORS**, Sr., et al.,
Third–Party Defendants.

Bankruptcy No. 97–1008.
Adversary No. 97–1002.

United States Bankruptcy Court,
E.D. Kentucky,
Ashland Division.

Aug. 21, 1998.

Jennifer Ruiz, Washington, DC, Adrienne Berry, Louisville, KY, for Plaintiffs.

Stuart M. Fischbein, Washington, D.C., for I.R.S.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court to resolve the question of the priority of liens as between the plaintiff UMWA Health and Retirement Funds ("the Funds") and defendant United States Internal Revenue Service ("IRS"). The debtor herein was the sole shareholder, president and director of Jagged Coal, Inc. This Court has previously determined that the debtor wrongfully diverted funds from Jagged Coal for his personal gain by the breach of his fiduciary duty, and concluded that Jagged Coal had an equitable and beneficial interest in the proceeds from the sale of a condominium in Florida, and a perfected security interest in those proceeds.

Other parties to this action also had perfected security interests in the proceeds, however, and the issue of the priority of these competing liens was and is before the Court. This Court has determined that the third-party plaintiffs, Aldo and Bonnie Tersigni, had a prior and superior mortgage lien. The remaining lien issue therefore falls between the Funds and the IRS. It should be noted that both parties made their arguments on the lien priority issue before the Court decided Jagged Coal's interest in the Florida condominium.

Review of the facts pertinent to this issue reveals that the Funds obtained a partial default judgment against Jagged Coal in *Joseph P. Connors, et al. v. Jagged Coal, Inc.*, Civil Action No. 2:91–0684, the United States District Court for the Southern District of West Virginia for delinquent contributions in the principal amount of $70,354.66 ($81,870.52 with interest after August 16, 1991). The judgment was registered in the Eastern District of Kentucky on November 22, 1991.

While the Funds were attempting to collect the judgment, Jagged Coal filed an action against Island Creek Corporation in Logan Circuit Court in West Virginia on April 27, 1993. In this litigation, Jagged Coal alleged that Island Creek had engaged in a course of conduct which rendered it unable to meet its obligations to its creditors, including the Funds. Island Creek settled with Jagged Coal for $536,000.00 and an Order of Dismissal was filed on July 11, 1995.

The settlement check was issued in the name of Jagged Coal and its law firm and deposited into the firm's escrow account. The Funds were not informed of the settlement. On July 10, 1995, the debtor, on behalf of Jagged Coal, authorized payment to the firm in the amount of $181,941.26 for legal services. On the same date, the debtor authorized a check to be issued to Jagged Coal in the amount of $48,629.89, the only distribution that was made to Jagged Coal from the settlement proceeds. This amount was deposited into a checking account the debtor opened for Jagged Coal.

On July 13, 1995, the remaining balance of the settlement monies in the amount of $300,-000.00 was wired to the law firm of Brown, Todd & Heyburn for the benefit of the debtor individually. Within the space of about 4½ months the debtor authorized payments for his own benefit from the $300,000.00 balance including $70,000.00 to the IRS and $9,500.00 to the Kentucky State Treasurer for his personal tax liability, $51,000.00 to himself, $119,000.00 for the purchase of a condominium in Florida, and $5,000.00 to the NLRB for settlement of his personal liability.

The Funds recorded their judgment against Jagged Coal, Inc. in the amount of $81,870.52, plus interest, in the Collier County, Florida, Public Records on December 12, 1995. At the same time the Funds filed an action in Collier County to domesticate and enforce their judgment and to set aside the fraudulent transfer of funds from Jagged Coal to the debtor. They recorded a Lis Pendens as to the condominium purchased by the debtor in the Collier County Public Records on April 26, 1996. The Internal Revenue Service ("IRS") recorded a Notice of Federal Tax Lien against the debtor in the Collier County Public Records on November 11, 1996, and against Jagged Coal, Inc. on May 9, 1997. The debtor filed his Chapter 7 petition on February 18, 1997.

The IRS sets out that Jagged Coal owes approximately $413,000.00 in unpaid income tax liabilities for the years 1988, 1989, and 1990 assessed on October 3, 1994, and in unpaid employment liabilities for all quarters of 1990 and the first three quarters of 1991 which were assessed on various dates from October 7, 1991 through March 2, 1992. The debtor owes $225,806.65 in penalties, plus interest for Jagged's unpaid withholding taxes. A Notice of Federal Tax Lien was filed in Collier County in regard to the 100 percent penalty liability on November 19, 1996.

█ The IRS argues that its lien is superior to any asserted by the Funds. The IRS contends that any lien which they claim is inchoate in that at the time the Funds filed their judgment in Florida, it had not yet been determined that Jagged Coal was the lienor. A lien competing with a federal tax lien must meet the federal standard of perfection, or choateness, before the federal tax lien arose. A state created lien is choate only when there is nothing more to be done, when "the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. City of New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

█ The IRS, on the other hand, is not burdened with the same concern in regard to its liens. While the I.R.S.'s lien will not be "choate" and will not attach to the subject property any sooner than the judgment lien creditor's does, 26 U.S.C. § 6323(c)(1) provides that a federal lien is ordinarily dated, for purposes of "first in time" priority against § 6323(a) competing interests, from the time of its filing. *United States v. McDermott*, 507 U.S. 447, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993). Therefore, the fact that Jagged Coal had not yet been determined to be the owner of the condominium at the time the I.R.S. filed its lien was not significant for the I.R.S.'s purposes. Whether or not it was significant for the Funds is the crucial question.

In *McDermott, supra,* the Supreme Court ruled that the judgment lien creditor did not have a perfected judgment lien where it had not yet attached to after-acquired property at the time of its filing. The Court stated:

> The Bank argues that, as of July 6, 1987, the date it docketed its judgment lien, the lien was "perfected as to all real property then and thereafter owned by" the McDermotts, since "[n]othing further was required of [the Bank] to attach the noncontingent lien on after-acquired property." .... That reflects an unusual notion of what it takes to "perfect" a lien. Under the Uniform Commercial Code, for example, a security interest in after-acquired property is generally not considered perfected when the financing statement is filed, but only when the security interest has attached to particular property upon the debtor's acquisition of that property..... And attachment to particular property was also an element of what we meant by "perfection" in [United States v.] New Britain..... The Bank concedes that its lien did not actually attach to the property at issue here until the McDermotts acquired rights in that property..... Since that occurred after filing of the federal tax lien, the state lien was not first in time. (Cites omitted.)

507 U.S. 447, 113 S.Ct. at 1529–30. The I.R.S. argues that this is exactly the case here. The Court must agree. At the time the Funds filed their notice of judgment in Florida, Jagged Coal had not been determined to be the owner of any property to which their judgment lien could attach. The fact that this Court's determination was that Jagged Coal had an equitable and beneficial interest in the property does not help the Funds.

■ In *United States v. Cohen,* 271 F.Supp. 709 (S.D.Fla.1967), the court stated:

> [A] judgment at law is not a lien on land to which the judgment debtor has no legal title. Equitable interests in property are ordinarily not subject to levy and sale under writ of execution in Florida; they must either be reached by supplemental proceedings or by creditors suit..... Under federal concepts a lien is not perfected if its existence, amount or enforcement is contingent upon the outcome of a suit.....
>
> State-created liens are perfected or choate for priority purposes when the identity of the lienor, the property subject to the lien, and the amount of the lien are established..... Whether Fontainebleau's judgment on the note against Cohen constituted a lien on his beneficial interest in said mortgage was not determined under state law until Fontainebleau obtained its decree in its Citrus County creditors suit. It was only when that decree was entered that the property subject to Fontainebleau's judgment lien was determined, and thus it was only when that decree was entered that Fontainebleau's judgment became choate in the Federal sense and Fontainebleau became a judgment creditor for purposes of § 6323. (Cites omitted.)

271 F.Supp. at 716–17. As set out above, the Funds filed suit in Collier County to domesticate their judgment and to set aside the fraudulent transfer of funds from Jagged Coal to the debtor. Apparently the Funds never obtained a decree in their suit in Collier County. Pursuant to the reasoning in *Cohen* their judgment lien could not attach to Jagged Coal's beneficial interest in the property because Florida had not yet determined that Jagged Coal had such an interest. Such determination was made, by this Court, after the I.R.S. had filed its lien. Pursuant to the case law set out above, the I.R.S.'s lien is first in time, and therefore prior and superior.

An order in conformity with this opinion will be entered separately.